UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN NATHANIEL DAVIS,<br><br>              Plaintiff,<br><br>     v.<br><br>MIMS, et al.,<br><br>              Defendants. | No.  1:16-cv-00541 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jonathan Nathaniel Davis ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on April 18, 2016.  Plaintiff names the Fresno County Psych Team and Fresno County Sheriff Margaret Mims as Defendants.[1]

A. **SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 25, 2016.

1

1 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

     Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     ALLEGATIONS IN FIRST AMENDED COMPLAINT**

     Plaintiff is currently incarcerated at California State Prison, Sacramento. The events at issue occurred while he was incarcerated at the Fresno County Jail.

     Plaintiff alleges that he was in custody at the Fresno County Jail from February 27, 2013, through May 2013, when he was sent to state prison. While there, he made several requests to see psych services or to speak to a psych doctor about medication for his previously diagnosed bipolar disorder. His request was ignored, even though he had several suicide placements and an

actual suicide attempt while at the jail.  He contends that his mental state could have been treated with proper medication.

Plaintiff also sent Defendant Mims a request to be placed in a proper unit for his bipolar disorder.  His request was ignored.

Because Plaintiff was unable to function/behave properly without his medication, and because he was improperly placed in a general population unit, he was assaulted by another inmate.

Based on these facts, Plaintiff alleges that he (1) was denied medical care; and (2) was the victim of an assault because of improper housing.

**C.    DISCUSSION**

1.    Medical Care

It is unclear whether Plaintiff was a pretrial detainee or convicted prisoner at the time of the events at issue.  A pretrial detainee is protected from conditions of confinement which amount to punishment.  Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought by prisoners under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

1  indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is
2  shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need,
3  and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at
4  1096). The requisite state of mind is one of subjective recklessness, which entails more than
5  ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted);
6  Wilhelm, 680 F.3d at 1122.

7  Plaintiff's allegations are too vague to state a claim at this time. First, he does not link
8  any *individual* to a deprivation of his rights. He cannot name a group such as the Fresno Psych
9  Team as a Defendant. As explained above, to state a 1983 claim, Plaintiff must demonstrate that
10 each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77,
11 129 S.Ct. at 1949; Simmons, 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218,
12 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

13 Second, Plaintiff has not demonstrated that any individual acted with the requisite state of
14 mind. While he states that his request for treatment was ignored, he has not sufficiently alleged
15 that any named defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or
16 safety." Farmer, 511 U.S. at 837.

17 Plaintiff therefore fails to state a claim for denial of medical treatment.

18     2.     Housing

19 Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
20 clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th
21 Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains
22 while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks
23 omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials
24 were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer,
25 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels,
26 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost,
27 152 F.3d at 1128 (9th Cir. 1998).

28

As with his medical claim, Plaintiff has not sufficiently alleged that any named Defendant knew of and disregarded a substantial risk to his health or safety.  Although he contends that he sent Defendant Mims a letter, there is no indication that she received the letter, knew of his concerns, and ignored his request.

Plaintiff therefore fails to state a claim against Defendant Mims.

### D.     ORDER

Plaintiff's complaint does not state any cognizable claims.  Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

///

///

5

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **June 16, 2016**                    /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE