UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN NATHANIEL DAVIS, | Case No. 1:16-cv-00541-EPG-PC |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | (ECF No. 14) |
| FRESNO COUNTY PSYCH TEAMS, *et al.* | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | |

     Plaintiff is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 25, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the Magistrate Judge shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

     On June 16, 2016, the Court issued an order dismissing Plaintiff's complaint for failure to state a claim and granting him leave to file an amended complaint.[1]  (ECF No. 10.)  By August 11, 2016, Plaintiff had not filed an amended complaint and the Court issued an order requiring Plaintiff to show cause within 30 days why the action should not be dismissed for

---

[1] At the time, this case was assigned to Magistrate Judge Dennis L. Beck.  Following Magistrate Judge Beck's retirement, it was reassigned to Magistrate Judge Erica P. Grosjean.  (ECF No. 15.)

1

failure to follow a court order and failure to prosecute his action. (ECF No. 14.) Plaintiff was warned that a failure to follow the order would lead to dismissal of the action. The 30 day period expired and Plaintiff did not comply with the order or otherwise respond to the order.

To determine whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id.,* quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action has been pending since April 18, 2016. Plaintiff has been instructed twice to file an amended complaint and has not complied. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's lack of interest in prosecuting this case or lack of a viable cause of action under the correct legal standards. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, there is currently no operative complaint that states a claim, minimizing the risk of prejudice due to dismissal at this stage. Moreover, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*, *citing Yourish*, 191 F.3d at 991. In addition, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, even assuming that Plaintiff could state a cause of action upon amendment. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of

little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Because public policy favors disposition on the merits, this factor will always weigh against dismissal. *Id*. at 643. Even this factor is mitigated, however, by the fact that Plaintiff's lack of action means that there is no active complaint in this case. Thus, any "merits" the case may have are entirely hypothetical.

Moreover, there is now no operative complaint in this case because Plaintiff's complaint was dismissed and he has elected not to file an amended complaint. The Court must dismiss any action where the "action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff was warned in the Order to Show Cause that his "failure to follow this order will result in dismissal of this action." (ECF No. 14.) Accordingly, this case shall be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This action is DISMISSED for Plaintiff's failure to comply with the Court's order issued on August 11, 2016 and for Plaintiff's failure to prosecute this action;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g), *Silva v. Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011); and,
3. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **October 5, 2016**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE